Jasen, J. (dissenting).
The sole issue presented on this appeal is whether the name of the respondent should be stricken from the registry of voters for the City of Albany. Specifically, petitioner claims that the respondent was not qualified to remain registered from 121 South Lake Avenue in said city on the grounds that he was not a resident at that address.
Article 7 (§ 150) of the Election Law requires that, in order for a person to be a qualified voter, he must be duly registered in the election district of his residence. The Election Law was specifically amended last year to add subdivisions (b) and (c) to section 151. “ As used in this article,” section 151 (subd. [b]) provides that ‘ ‘ the word ‘ residence ’ shall be deemed to mean that place where a person maintains a fixed, permanent and principal home and to which he, wherever temporarily located, always intends to return.” Section 151 (subd. [c]) states: “ In determining a voters qualification to vote in a particular election district, the board to which such application is made shall consider, in addition to the applicant’s expressed intent, his conduct and all attendant surrounding circumstances relating thereto. The board taking such registration may consider the applicant’s financial independence, business pursuits, employment, income sources, residence for income tax purposes, age, marital status, residence of parents, spouse and children, if any, leaseholds, situs of personal and real property owned by the applicant, motor vehicle and other personal property registra *531 tion and such other factors that it may reasonably deem necessary to determine the qualification of an applicant to vote in an election district within its jurisdiction. The decision of a board to which such application is made shall be deemed presumptive evidence of a person’s residence for voting purposes.”
• The language of the statute, as amended, is clear and unequivocal in not allowing the Board of Elections the broad discretion previously permitted in determining residence. Self-serving statements of intent, while to be considered, must now be evaluated by the board in relation to actual conduct. The whole thrust of the amendment is to objectify the determination of residency. While the determination is still a factual one, the statutory limiting of discretion necessarily enlarges the scope of our review over factual determinations insufficient as a matter of law.
Based on the undisputed evidence submitted at the hearing, it should be abundantly clear that the respondent does not qualify for registration at the Albany address. Since 1949, the respondent and his wife have owned and maintained a one-family dwelling at Waverly Place, McKownville, where their children were raised and educated. Although respondent claims that the one-room walk-up apartment at the South Lake Avenue address is his residence, he can specifically recall having slept at that address on only one occasion during the past seven years, his wife has never slept there, and his children have never been there. Respondent’s driver’s license, motor vehicle registration and motor vehicle insurance indicate his residence to be McKownville, New York. His income tax records, both State and Federal, list McKownville as his address. The New York Telephone Company Albany Directory, as well as the City of Albany Directory, list his residence as Waverly Place, McKownville, New York. At the time of his appointment to the State Board of Law Examiners in 1969, he set forth his address to be McKownville, New York, and that address is also listed on various other official and business documents and papers.
The expressed intent of the respondent to be considered a “ resident ” of Albany does not satisfy the requirements of section 151 (subd. [b]) of the Election Law which requires residence to be “a fixed, permanent and principal home and to which he * * * always intends to return.” There can be no *532 doubt that the respondent intended his Albany apartment to be something which the statute, as amended, specifically states cannot exist — a voting residence. The respondent cannot, for purposes of registration alone, sever those bonds holding him to his home in McKownville. The law does not allow one to “live in one locality for the sake of the comfort, convenience and social standing of his family and maintain a wholly distinct political residence ” in another place. (Matter of Rooney, 172 App. Div. 274, 281.) Not only does the statute mandate this result, but likewise sound public policy requires that both voters and their elected officials be members of the same geographical constituency, equally benefited and burdened by the exercise of the franchise. To hold, as the majority does, that the respondent is a resident of Albany, does not, in my opinion, serve the purpose which the statute contemplated.
I would reverse and grant the relief requested in the petition.
Order affirmed, etc.